UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OSMUNDSON MFG. CO., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:11-CV-21 |
| ) | |
| CFC DISTRIBUTORS, INC., ) | |
| ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

Before the Court is a Joint Stipulation for Protective Order submitted by the parties seeking approval of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 26.)  As the proposed order contains numerous deficiencies, it will be DENIED.

First, the proposed order, which extends beyond the discovery phase of the proceedings, fails to definitively and narrowly define "Confidential" information.  It conclusorily seeks to protect "sensitive, confidential, or proprietary technical, business or financial information which gains value from not being generally known or the disclosure of which would harm the business or reputation of the Producing Party, or other information that the Producing Party reasonably believes is confidential . . . ." (Proposed Protective Order ¶ 1.)  A protective order, however, must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind.

Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Furthermore, the proposed order makes no effort to explain why the material it seeks to protect is confidential.  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Moreover, the proposed order should seek to narrowly protect any confidential material through a method of redaction. *Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).  The proposed order should provide for the contemporaneous public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal.

In addition, the proposed order states that it "shall survive and remain in full force and effect indefinitely after the termination of this action." (Proposed Stipulated Protective Order ¶ 19.)  However, "[t]he Court is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case." *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging

the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Insurance*, 178 F.3d at 945. Language permitting an interested member of the public to challenge the secreting of particular documents is missing from the tendered order.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*. "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). Therefore, "[a protective] order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

For these reasons, the Court hereby DENIES approval of the proposed agreed protective order submitted by the parties (Docket # 26). Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and

Seventh Circuit case law.

SO ORDERED.

Enter for this 5th day of December, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
